IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NOS. 4:22-CR-157- |
| § | SDJ-KPJ; 4:22-CR-189-SDJ-KPJ |
| JAYSON GLENN COOKE (1) § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Jayson Glenn Cooke's ("Defendant") supervised release. This matter was referred to the Court for a report and recommendation, and the Court conducted a hearing on February 17, 2023, to determine whether Defendant violated his supervised release. The Court notes that it previously conducted a final revocation hearing on January 17, 2023; however such hearing was limited to the Petition in Case No. 4:22CR00157-001, Docket No. 2, and Defendant was not seen on that date on the Petition in Case No. 4:22CR00189-001, Docket No. 2. Accordingly, the Court held a further final revocation hearing on February 17, 2023, in order to address both Cases and the Petitions filed therein. Defendant was represented by Douglas Schopmeyer of the Federal Public Defender's Office. The Government was represented by Assistant United States Attorney Eric Erlandson.

Defendant was sentenced on November 19, 2014, under Case No. 4:22CR00189-001, before the Honorable Jorge A. Solis; and on August 22, 2017, under Case No. 4:22CR00157-001, before The Honorable Ed Kinkeade. Both cases originated in the Northern District of Texas.

Defendant pled guilty to the offense of Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(l), under Case no. 4:22CR00189-001, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 10 years imprisonment. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of III, was

15 to 21 months. Defendant was subsequently sentenced to 18 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include substance abuse testing and treatment, mental health treatment, child support payments, financial disclosure, and a $100 special assessment.

Defendant pled guilty to the offense of Distribution of a Controlled Substance, in violation of 21 U.S.C. § 841(a)(l) and (b)(l)(C), under Case no. 4:22CR00157-001, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 20 years imprisonment. The guideline imprisonment range, based on a total offense level of 29 and a criminal history category of III, was 108 to 135 months. Defendant was subsequently sentenced to 66 months imprisonment followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, mental health treatment, and a $100 special assessment.

On October 20, 2021, Defendant completed his period of imprisonment and began service of both terms of supervised release, which run concurrently. On June 29, 2022, and July 29, 2022, Case No. 4:22CR00157-001 and Case No. 4:22CR00189-001 respectively, were reassigned to U.S. District Judge Sean D. Jordan.

On August 2, 2022, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2, Sealed]. The Petition asserts that Defendant violated three (3) conditions of supervision, as follows: (1) You must not commit another federal, state or local crime; (2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed; and (3) You must

submit to substance abuse testing, under the guidance and direction of the U.S. Probation Office [Dkt. 2 at 1-2, Sealed].

The Petition alleges that Defendant committed the following acts: (1) On May 18, 2022, Defendant possessed/used a device to falsify drug test results in violation of Texas Health and Safety Code Section 481.133[,] a Class B Misdemeanor; (2) Defendant failed to submit monthly supervision reports as instructed for the months of November and December 2021, and March, April, June, and July 2022; and (3) Defendant failed to report for random drug testing on April 19, 2022; May 12, 2022; and May 18, 2022, as directed [Dkt. 2 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations. Having considered the Petition and the plea of true to allegations 1 through 3, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkts. 18; 19].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of imprisonment of five (5) months in both case numbers 4:22CR157 and 4:22CR189, ordered to run concurrently, with eighteen (18) months of supervised release to follow in both case numbers 4:22CR157 and 4:22CR189, ordered to run concurrently.

The Court further recommends imposition or reimposition of the following special conditions: (1) You must participate in a program (inpatient and/or outpatient) of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation

in the program. You must abstain from the use of alcohol and/or all other intoxicants at any time. You must pay any cost associated with treatment and testing; (2) You must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rales and regulations of that program, until discharged. This includes taking any medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing; (3) You must waive your rights to confidentiality regarding your mental health treatment in order to allow sharing of information with the supervising U.S. Probation Officer and other mental health treatment providers, who will assist in evaluating your ongoing appropriateness for community placement; (4) You must make all court-ordered child support payments on a timely basis, producing proof of payment to the probation officer within the first 5 days of each month, whether as part of a written report required by the probation officer or otherwise; and (5) You must provide the probation office with access to any requested financial information for purposes of monitoring your efforts to obtain and maintain lawful employment.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 30th day of March, 2023.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE